UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LYDIA O. MANLANGIT and OSCAR T. MANLANGIT,<br><br>      Plaintiffs,<br><br>    v.<br><br>NATIONAL CITY MORTGAGE, an Ohio corporation; PNC MORTGAGE, an Ohio corporation; and CAL-WESTERN RECONVEYANCE CORPORATION,<br><br>      Defendants.<br>_____/ | NO. CIV. 2:10-1225 WBS DAD<br><br><u>ORDER RE: TEMPORARY RESTRAINING ORDER</u> |

----oo0oo----

        Plaintiffs Lydia O. Manlangit and Oscar T. Manlangit filed this action and a motion for a temporary restraining order yesterday at 3:00 p.m., alleging that plaintiffs' house faced foreclosure at 9:00 a.m. today. (Docket Nos. 1, 2.) The Complaint consists of causes of action for declaratory relief, injunctive relief, and cancellation of instrument, all of which

1

appear to be based on the allegation that defendants are not holders of a beneficial interest in the Note or Deed of Trust on plaintiffs' property. Because plaintiffs' attorney filed the complaint electronically from San Francisco, it was impossible for him to get to Sacramento to have the matter heard yesterday. Accordingly, this matter came on for hearing on plaintiffs' motion at 2:00 p.m. today. At the hearing, plaintiffs' attorney, Johnson Lazaro, represented to the court that the foreclosure sale of plaintiffs' property had been postponed until June 1, 2010, after plaintiffs filed bankruptcy on May 19, 2010, at approximately 9:00 p.m. last night.

I.  Jurisdiction

Plaintiffs predicate federal jurisdiction over this action, which is composed entirely of state law claims, upon diversity of citizenship under 28 U.S.C. § 1332. (Compl. ¶ 1.) "Federal courts are always under an independent obligation to examine their own jurisdiction . . . and a federal court may not entertain an action over which it has no jurisdiction." Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). A district court will have original jurisdiction based on diversity when the amount in controversy is greater than $75,000.00 **and** there is complete diversity between the parties--i.e., the parties are "citizens of different states." 28 U.S.C. § 1332(a).

Plaintiffs have not alleged facts sufficient to show that there is complete diversity between the parties. Plaintiffs

are citizens of California.  While plaintiffs have plead that defendants National City Mortgage and PNC Mortgage are Ohio corporations, the Complaint in entirely devoid of any allegation that Cal-Western Reconveyance Corporation ("Cal-Western") is not a citizen of California.  (Compl. ¶¶ 6-8.)  The Complaint states that Cal-Western is authorized to conduct business in California and is registered with the California Secretary of State.  (Id. ¶ 8.)  In fact, at the hearing on this motion, plaintiffs' counsel referred to Cal-Western as a California corporation.  Under this set of facts, it is not clear that the court has jurisdiction to hear this case.  Since plaintiffs have not adequately pled that jurisdiction exists, the court must deny their motion for a temporary restraining order.

II.  Standing

Even assuming the court does have jurisdiction, as previously noted, plaintiffs allegedly filed for bankruptcy the night before the hearing on their motion.  Upon a declaration of bankruptcy, all of a petitioner's property becomes the property of the bankruptcy estate.  See 11 U.S.C. § 541(a).  This includes "all legal or equitable interests of the debtor in property," id. at § 541(a)(1), which has been interpreted to include causes of action.  See Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 707 (9th Cir. 1986); Rowland v. Novus Fin. Corp., 949 F. Supp. 1447, 1453 (D. Haw. 1996) (holding claims under the Truth in Lending Act are included as an interest under § 541(a)(1)).  Accordingly, a bankruptcy petitioner loses standing for any causes of action and the estate becomes the only real party in interest unless the bankruptcy trustee abandons the

3

claims.  See In re Lopez, 283 B.R. 22, 28-29 (9th Cir. 2002); In re Pace, 146 B.R. 562, 565-66 (9th Cir. 1992).  Since plaintiffs have not indicated that the bankruptcy trustee has abandoned the claims against defendants, plaintiffs have no standing to bring this action and the motion for a temporary restraining order accordingly must be denied.

III. Temporary Restraining Order Standard

Even assuming that plaintiffs do in fact have standing and the court has jurisdiction, plaintiffs are still not entitled to a temporary restraining order.  In order to obtain a temporary restraining order or a preliminary injunction, the moving party "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. NRDC, —-- U.S. —--, —--, 129 S. Ct. 365, 374 (2008).  As the Supreme Court has repeatedly recognized, injunctive relief is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."  Mazurek v. Armstrong, 520 U.S. 968, 972 (1997); see Winter, 129 S. Ct. at 375-76.

   A.   Likelihood of Success on the Merits

Plaintiffs' claims are all based on the argument that defendants are not beneficiaries under the Note and therefore cannot foreclose under the Deed of Trust.  As this and other courts have repeatedly ruled, this theory is incorrect as a matter of law.  "Financing or refinancing of real property is generally accomplished in California through a deed of trust.

4

1 The borrower (trustor) executes a promissory note and deed of
2 trust, thereby transferring an interest in the property to the
3 lender (beneficiary) as security for repayment of the loan."
4 Bartold v. Glendale Fed. Bank, 81 Cal. App. 4th 816, 821 (2000).
5 A deed of trust "entitles the lender to reach some asset of the
6 debtor if the note is not paid." Alliance Mortg. Co. v.
7 Rothwell, 10 Cal. 4th 1226, 1235 (1995).

8      The California Court of Appeal for the Fourth District
9 has explained that California's non-judicial foreclosure statute,
10 California Civil Code section 2924, is a "comprehensive statutory
11 framework established to govern nonjudicial foreclosure sales
12 [and] is intended to be exhaustive." Moeller v. Lien, 25 Cal.
13 App. 4th 822, 834 (1994); see I.E. Assoc. v. Safeco Title Ins.
14 Co., 39 Cal. 3d 281 (1985) ("These provisions cover every aspect
15 of exercise of the power of sale contained in a deed of trust.").
16 Because of the exhaustive nature of this scheme, California
17 appellate courts have refused to read any additional requirements
18 into the non-judicial foreclosure statute. See Moeller, 25 Cal.
19 App. 4th at 834; see also, I.E. Assocs. v. Safeco Title Ins. Co.,
20 39 Cal. 3d 281, 288 (1985).

21      Under California Civil Code section 2924(a)(1), a
22 "trustee, mortgagee or beneficiary or any of their authorized
23 agents" may conduct the foreclosure process.  Under California
24 Civil Code section 2924b(4), a "person authorized to record the
25 notice of default or the notice of sale" includes "an agent for
26 the mortgagee or beneficiary, an agent of the named trustee, any
27 person designated in an executed substitution of trustee, or an
28 agent of that substituted trustee."  "Upon default by the

5

trustor, the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale." Moeller, 25 Cal. App. 4th at 830. There is no stated requirement in California's non-judicial foreclosure scheme that requires a beneficial interest in the Note to foreclose. There is also no requirement for the production of the original note to initiate a non-judicial foreclosure. Oliver v. Countrywide Home Loans, Inc., No. CIV S-0-1381 FCD GGH, 2009 WL 3122573, at *3 (E.D. Cal. Sept. 29, 2009) (citing Alvara v. Aurora Loan Servs., No. C-0-1512 SC, 2009 WL 1689640, at *6 (N.D. Cal. Jun. 16, 2009)); Kamp v. Aurora Loan Servs., No. SACV 09-00844-CJC(RNBx), 2009 WL 3177636, at *4, (C.D. Cal. Oct. 1, 2009); Putkkuri v. Recontrust Co.,No. 08cv1919 WQH (AJB), 2009 WL 32567, at *2 (S.D. Cal. Jan. 5, 2009). Rather, the statute broadly allows a trustee, mortgagee, beneficiary, or any of their agents to initiate non-judicial foreclosure. Accordingly, the statute does not require a beneficial interest in both the Note and the Deed of Trust to commence a non-judicial foreclosure sale.

This interpretation is consistent with the rulings of this court, along with many others, that nominal beneficiaries have standing to foreclose as the nominee for the lender and beneficiary of the Deed of Trust and may assign their beneficial interests to another party. See, e.g., Morgera v. Countrywide Home Loans, Inc., No. Civ. 2:09-01476 MCE GGH, 2010 WL 160348, at *8 (E.D. Cal. Jan. 11, 2010) (collecting cases); Pantoja v. Countrywide Home Loans, Inc., 640 F. Supp. 2d 177 (N.D. Cal. 2009); Castaneda v. Saxon Mortg. Servs., Inc., --- F. Supp. 2d ----, No. Civ. 2:09-01124 WBS DAD, 2009 WL 4640673, at *4 (E.D.

6

1  Cal. Dec. 3, 2009); Bentham v. Aurora Loan Servs., No. C-09-2059
2  SC, 2009 WL 2880232, at *3 (N.D. Cal. Sept. 1, 2009); Kachlon v.
3  Markowitz, 186 Cal. App. 4th 316, 334-35 (2008).
4        Plaintiffs contend that none of the defendants have the
5  authority to foreclose because their loan was packaged and resold
6  in the secondary market, and that none of the defendants can
7  affirmatively prove they have an interest in the note.  The
8  argument that parties lose their interest in a loan when it is
9  assigned to a trust pool has also been rejected by many district
10 courts.  See, e.g., Bentham, 2009 WL 2880232, at *3 ("Other
11 courts . . . have summarily rejected the argument that companies
12 like MERS lose their power of sale pursuant to the deed of trust
13 when the original promissory note is assigned to a trust pool.");
14 Hafiz v. Greenpoint Mortg. Funding, Inc., No. C-09-1729, 2009 WL
15 2137393, at *2 (N.D. Cal. Jul. 16, 2009).  Accordingly,
16 plaintiffs have not shown a likelihood of success on their theory
17 that defendants may not foreclose on their home because no
18 defendants are appropriate beneficiaries under the Note.
19    B.   Irreparable Harm
20        Plaintiffs have also not demonstrated that it is likely
21 they will suffer irreparable harm if the court were not to issue
22 a temporary restraining order.  Plaintiffs have filed bankruptcy,
23 and accordingly all actions against them are automatically
24 stayed, including defendants' foreclosure.  See 11 U.S.C. § 362.
25 Plaintiffs are under the protection of the bankruptcy court at
26 this time such that any irreparable harm from a foreclosure sale
27 is attenuated at best.  Because plaintiffs have not shown a
28 likelihood of success on any of their claims or a likelihood of

irreparable harm, their motion for a preliminary injunction must be denied.  See Winter, 129 S. Ct. at 374.

　　　　　IT IS THEREFORE ORDERED that plaintiffs' motion for a temporary restraining order be, and the same hereby is, DENIED.

DATED:  May 20, 2010

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE